UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN MAYES, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 4:19-CV-1178 RLW |
| ST. LOUIS POLICE DEPT., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of plaintiff Shawn Mayes to proceed in the district court without prepaying fees or costs. As plaintiff has been released from custody, the Court will grant plaintiff's motion to proceed in forma pauperis and will not assess an initial partial filing fee. Furthermore, based upon a review of the complaint, the Court will dismiss this action as barred by *Heck v. Humphrey*, 512 U.S. 477, 478 (1994).

### Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights. On December 15, 2017, prior to this case being filed, a related underlying criminal case was filed against plaintiff in Missouri state court. *See State v. Mayes*, Case No.1722-CR04859 (22nd Judicial Circuit, St. Louis City). Plaintiff was charged with trafficking drugs, a second degree felony, unlawful possession of a firearm, unlawful use of a weapon and possession of marijuana. Plaintiff was charged as a prior and persistent drug offender. Defendant was remitted to custody pending the outcome of trial.

In the incident report attached to the complaint filed by plaintiff, St. Louis City Detective Brent Fincher states that he and Sergeant Brad Roy were on patrol on December 14, 2017, in the area of North 15th Street and Delmar Boulevard targeting gun crime offenders. They were in an unmarked vehicle in plain clothes, wearing blue police jackets.

Detective Fincher states that while traveling westbound on Delmar from North 15th, they were behind a vehicle with expired plates. When Detective Fincher and Sergeant Roy attempted to make a traffic stop with emergency lights and sirens, the vehicle accelerated away, traveling several blocks until it finally decelerated and pulled over on Dr. Martin Luther King Drive, approximately 25 yards east of North 18th Street.

Upon approaching the vehicle, Detective Fincher found that the driver of the vehicle was Jerrica Lemmitt and the front seat passenger was plaintiff. Sergeant Roy approached the passenger side, while Detective Fincher approached the driver side door. Detective Fincher states in his incident report that the smell of marijuana emanated from the passenger compartment of the vehicle, and as he looked inside the vehicle, he observed a plastic bag near the gear shift containing what he suspected to be marijuana.

Fincher states that he asked Lemmitt to exit the vehicle and she was searched for further evidence of drug paraphernalia and for safety and then she was detained at the rear of her vehicle. Sergeant Roy then asked plaintiff to exit the vehicle and directed him toward Detective Fincher. A cursory search was done on plaintiff for evidence of drugs and for safety of the officers. As the search was done, Detective Fincher noticed the left leg of plaintiff's pants was riding up. Upon pulling the pants down, an object fell from the upper portion of plaintiff's genital area and down

the left side of the pants near plaintiff's knee. Further inspection revealed the substance was a plastic bag with large chunks of what appeared to be crack cocaine.

Plaintiff was placed under arrest and put inside the police vehicle. At this point, plaintiff observed that the events were going to have a negative effect on his parole. Detective Fincher returned to the vehicle and seized the suspected marijuana from the center storage compartment and noticed what appeared to be a marijuana cigarette. This evidence was marked as evidence. When questioned, plaintiff stated that the marijuana belonged to him.

Sergeant Roy then conducted a full search of the vehicle and discovered a pistol tucked between the front passenger seat and center armrest of the vehicle, immediately along the left side of where plaintiff had been sitting. The firearm was loaded with two cartridges, one in the chamber of the weapon.

Plaintiff was advised he was under arrest for unlawful possession of a firearm, as well as possession of 10 grams or more of marijuana. Plaintiff claimed the gun belonged to his girlfriend, Jerrica Lemmitt. When questioned, Lemmitt admitted the gun belonged to her but stated she allowed plaintiff to use the gun on occasion. She stated at this time, she had allowed plaintiff to use the gun because they were coming from the Peabody Complex and persons were shooting in the area.

Lemmitt was issued a citation for and expired vehicle license and released at the scene.

A jury trial was held on all four counts of the information on October 16, 2018. The jury found that defendant was not guilty of possession of a firearm and unlawful use of a firearm. The jury found that plaintiff was guilty of possession of marijuana. However, the jury was unable to come to a decision on whether plaintiff was guilty of the charge of trafficking drugs, a second

degree felony. As to the count of possession of marijuana, defendant was sentenced to time served, as he had been held in custody pending the outcome of trial for roughly a period of nine months.

The prosecutor took the trafficking charge to trial a second time on May 14, 2019. Again, the jury indicated that a decision could not be reached on the matter. The Honorable Judge Michael Mullen declared a mistrial on the matter on May 15, 2019.

The matter has not yet been reset for trial. However, the prosecutor moved to revoke plaintiff's bond[1] on September 23, 2019. In his motion to revoke bond, the prosecutor indicated that on September 18, 2019, plaintiff was charged with a crime that occurred on September 14, 2019. He was charged with possession of 35 grams or less of marijuana.

## The Complaint

Plaintiff brings this case alleging defendants, Office Fincher and Officer Roy, as well as the St. Louis Police Department and Prosecutor Michael Griffith, violated his civil rights under 42 U.S.C. § 1983. Plaintiff asserts claims for false arrest, false imprisonment, and malicious prosecution as a result of what he believes to be an illegal stop and search on December 14, 2017.[2] Plaintiff additionally asserts that St. Louis Police Department has a "custom or policy of failing to hire, screen and supervise officers who can perform their duties without racist acts, blue codes of silence, planting evidence on its African American citizens and arresting falsely said citizens without probable cause."[3]

---

[1] On May 16, 2019, plaintiff posted a surety bond in the amount of $15,000 or 10% cash.
[2] Plaintiff believes defendants Fincher and Roy acted in a conspiracy with defendant Michael Griffith to ensure he was convicted of the possession of marijuana charge.
[3] Plaintiff asserts claims under the 13th Amendment, as well as the 14th Amendment for racial discrimination. The 13th Amendment, passed shortly after the Civil War, prohibits slavery and involuntary servitude. A private employer who forces someone to work until the employee has paid off a debt would violate the 13th Amendment. Plaintiff asserts that being of African descent means that he inherently belongs to a suspect group that has historically been sought out for unequal treatment under the 14th Amendment, meaning that defendants denied him due process and

Plaintiff seeks compensatory and punitive damages against defendants.

## Discussion

As noted above, a jury trial was held on all four counts of the information on October 16, 2018. Although the jury found that defendant was not guilty of the gun charges and was unable to come to a decision on the drug trafficking charges, plaintiff was found guilty of possession of marijuana. Defendant was then sentenced to time served, as he had been held in custody pending the outcome of trial for roughly a period of nine months.

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id.* at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id.* at 486.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 487-88. Thus, when a state prisoner seeks damages pursuant to § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 488. If it would, the district court must dismiss the complaint unless

---

equal protection under the law.

the plaintiff can show that the conviction or sentence has already been invalidated. *Id. See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Thomas v. Eschen*, 928 F.3d 709, 711 (8th Cir. 2019) (stating that a claim for damages is not cognizable under 42 U.S.C. § 1983 if it would undermine a still-valid state criminal judgment); and *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (stating that "a prisoner should not be able to use a suit for damages to avoid established procedures, like habeas corpus, for challenging the lawfulness of the fact or length of confinement").

Here, plaintiff asserts that he was falsely arrested, falsely imprisoned and maliciously prosecuted. These allegations necessarily imply the invalidity of his conviction and sentence. However, plaintiff has not demonstrated that his state court judgment has been invalidated. That is, he has not established that his criminal case "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Therefore, plaintiff has no cause of action under § 1983, and his complaint is subject to dismissal.[4]

---

4 *Heck* notwithstanding, plaintiff's complaint would still be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The claim against St. Louis City Police Department must be dismissed because municipal departments cannot be held liable under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Prosecutor Griffith is immune from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). As to defendants Fincher and Roy, plaintiff has failed to indicate the capacity in which they are sued. Because the complaint is silent as to capacity, Fincher and Roy are assumed to be sued in an official capacity only. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (stating that if a complaint is silent as to capacity, it is interpreted as including only official capacity claims). An official capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Plaintiff, however, has failed to present any claims against the governmental entity that employs Fincher or Roy. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (stating that liability against a governmental entity may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

Additionally, the Court notes that plaintiff is still awaiting trial on the drug trafficking charges. Thus, even if this action were not Heck-barred, it would be required to be stayed pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007).

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for illegal search and seizure, unlawful arrest, and unlawful incarceration. Even if this case were not barred by the *Heck* doctrine, the principles of *Wallace v. Kato* would dictate that further consideration of plaintiff's § 1983 claims should be

---

Plaintiff's assertions relating to a failure to train or failure to supervise are nothing but conclusory. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals and post-conviction processes.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [Doc. #4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #7] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal of this action shall not be taken in good faith.

Dated this 19th day of February, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE